**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
DEC 05 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**Hassan Swann**
7811 White Oak Loop
Lithonia, GA 30038
Plaintiff,
v.

**Credit Corp Solutions, Inc.**
**Roosen Varchetti & Olivier GA PLLC**
**Cherice A. Taddav, Esq.**
Defendants.

1:25-CV-6952

**Civil Action No.: _________**

**COMPLAINT FOR DAMAGES**

(15 U.S.C. §1692 – Fair Debt Collection Practices Act)

Plaintiff Hassan Swann files this Complaint against Defendants and states as follows:

---

## 1. INTRODUCTION

This is an action for damages under the Fair Debt Collection Practices Act ("FDCPA"). Defendants knowingly sued Plaintiff on an alleged debt **despite a binding arbitration clause**, ignored Plaintiff's rights, refused to validate the debt, and used court action as a pressure tactic.

Defendants' actions were **false, deceptive, abusive, and unlawful**.
Plaintiff seeks statutory damages, actual damages, emotional-distress damages, attorney-fee eligibility, and all other relief available under federal law.

---

## 2. PARTIES

**Plaintiff:**
Hassan Swann, a natural person residing in DeKalb County, Georgia.

**Defendants:**

1. **Credit Corp Solutions, Inc.** – A debt collector.
2. **Roosen Varchetti & Olivier GA PLLC** – A law firm operating as a debt collector.
3. **Cherice A. Taddav, Esq.** – An attorney acting as a debt collector.

All Defendants were engaged in debt-collection activity under 15 U.S.C. §1692a.

---

**3. JURISDICTION AND VENUE**

This Court has federal-question jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

Venue is proper because the acts giving rise to this action occurred in this District and Plaintiff resides in this District.

---

**4. FACTS**

1. Plaintiff allegedly entered a consumer loan with LendingPoint LLC in 2019.
2. That contract contained a **mandatory arbitration clause**, clearly prohibiting litigation.
3. Plaintiff disputed the alleged debt and requested validation.
4. File-handling was transferred to Credit Corp Solutions, Inc.
5. Plaintiff again disputed the account and requested documentation.
6. Despite all disputes, Defendants filed a lawsuit against Plaintiff in Georgia state court.
7. Defendants did **not** provide validation or ownership proof before filing suit.
8. Plaintiff filed a motion to compel arbitration.
9. After Plaintiff asserted his rights, Defendants abruptly dismissed the state-court action instead of complying.
10. Defendant attorney **Cherice A. Tadday** personally prepared, signed, and mailed the deficient validation response, proving knowledge of the arbitration clause.
11. Defendants' actions were deliberate and reckless.

---

**5. DEFENDANTS' CONDUCT WAS UNLAWFUL**

Defendants violated the FDCPA by:

- Filing a lawsuit they knew was barred by arbitration.
- Misrepresenting their right to take legal action.
- Failing to provide required validation.
- Continuing collection attempts while the debt was in dispute.
- Attempting to coerce payment by using the court system improperly.
- Communicating misleading information about debt ownership.
- Failing to show assignment, purchase, or chain of title.

Federal courts have repeatedly held that **suing a consumer when arbitration controls violates the FDCPA**, including:

- *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004)
- *McCollough v. Johnson, Rodenburg & Lauinger*, 637 F.3d 939 (9th Cir. 2011)
- *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719 (D. Md. 2011)

Defendants' conduct fits squarely within these violations.

---

**6. EMOTIONAL-DISTRESS DAMAGES**

Plaintiff suffers from medically documented depression and anxiety.
These conditions were diagnosed by licensed medical providers and required medication, treatment, and multiple periods of excused leave from work.

Defendants' actions — filing an unlawful lawsuit, ignoring the arbitration clause, ignoring Plaintiff's disputes, and misrepresenting ownership — **triggered a severe relapse** of Plaintiff's mental-health symptoms.

As a direct result of Defendants' actions:

1. Plaintiff experienced **significant emotional distress**, panic, and fear.
2. Plaintiff suffered **loss of sleep**, anxiety attacks, and mental instability.
3. Plaintiff's existing diagnosed conditions were **aggravated and worsened**.
4. Plaintiff required additional mental-health support and stabilization.
5. Plaintiff experienced a decline in daily functioning and well-being.
6. Plaintiff suffered emotional suffering beyond normal stress.

Plaintiff invokes the "eggshell plaintiff" doctrine: Defendants are liable for the **full extent of harm** caused by their unlawful conduct, even if Plaintiff was more vulnerable due to pre-existing medical conditions.

---

**7. CAUSES OF ACTION**

**COUNT I – FDCPA: False, Deceptive, Misleading Representations**

15 U.S.C. §1692e

Defendants violated §1692e by misrepresenting their right to file suit, ignoring arbitration, and sending misleading communications.

---

**COUNT II – FDCPA: Unfair and Unconscionable Practices**

15 U.S.C. §1692f

Defendants violated §1692f by using litigation as leverage, ignoring disputes, failing to validate, and attempting to collect without proof of assignment or ownership.

---

**COUNT III – FDCPA: Failure to Provide Validation**

15 U.S.C. §1692g

Defendants violated §1692g by failing to provide:

- Chain of title
- Assignment history
- Forward flow agreement
- Purchase/sale documentation
- Complete itemization of the debt

And by continuing collection efforts while the debt was in dispute.

---

**8. DAMAGES**

Plaintiff seeks:

- Statutory damages up to $1,000
- Actual damages for emotional distress
- Medical-aggravation damages
- Out-of-pocket losses
- Costs of litigation
- Attorney fees (if later retained)
- Any other relief the Court deems just

---

**9. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

---

**10. PRAYER FOR RELIEF**

Plaintiff respectfully requests judgment in his favor and against all Defendants, jointly and severally, and requests:

1. Statutory damages of $1,000
2. Actual damages in an amount to be determined by a jury
3. Emotional-distress damages
4. Aggravation-of-condition damages
5. Costs and fees
6. Any other relief the Court finds proper

---

**Respectfully submitted,**

**Hassan Swann**
Plaintiff, Pro Se
7811 White Oak Loop
Lithonia, GA 30038
Email: hassanswann@gmail.com
Phone: 404-969-8805
Date: ___________________